CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 5 2007

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONALD ROBERT PILCHER, <br> Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:07-cv-00279 |
| v. | ) <br> ) | MEMORANDUM OPINION |
| STEVEN A. MCGRAW, et. al., <br> Defendant(s). | ) <br> ) <br> ) | By: Hon. James C. Turk <br> Senior United States District Judge |

Plaintiff Donald Robert Pilcher, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Pilcher alleges that the defendants, the clerk and a deputy clerk of the Circuit Court for Roanoke County, violated his constitutional rights when they failed to notify him promptly of a court decision and thereby denied him the opportunity to appeal. He seeks monetary damages. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

I

Plaintiff Pilcher alleges the following sequence of events from which his claims arise. On July 6, 2006, the Circuit Court for Roanoke County issued an order denying motions to vacate several criminal judgments issued against Pilcher. The defendants—Steven A McGraw, Clerk of Court, and Naudia Fenty, Deputy Clerk—both failed promptly to provide Pilcher with a copy of the July 6, 2006 dismissal order. The order, which Pilcher attaches to his complaint, indicates that the clerk would make a copy of the order and "certify" it to the defendant, Pilcher. Pilcher finally

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

received a copy of the order from the court on August 18, 2006. It bore an August 16, 2006, postmark. Pilcher filed a petition for appeal in the Supreme Court of Virginia on October 16, 2006. By order entered November 15, 2006, the Supreme Court of Virginia dismissed the appeal upon finding that "the appeal was not perfected in the manner provided by law because the appellant failed to file the petition for appeal on time, pursuant to Supreme Court of Virginia Rule 5:17(a)(1).[2]

In his complaint, Pilcher asserts that Fenty had a duty to make and send him a copy of the order much sooner than she did and that McGraw was also responsible for being sure that Pilcher received a copy of the order sooner than he did.

II

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Inmates have a guaranteed right to reasonable access to both state and federal courts. Ex parte Hull, 312 U.S. 456 (1941); Procunier v. Martinez, 416 U.S. 396 (1974). However, state officials cannot be held liable under § 1983 for negligent actions which interfere with an inmate's litigation efforts. Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995), citing Daniels v. Williams, 474 U.S. 327, 330 (1986). To "deprive" a litigant of a constitutionally protected right requires a showing that the defendant did "more than [merely fail] to take reasonable care"; the term deprivation "connotes an intentional or deliberate denial of rights." Id.

---

[2] Rule 5:17(a)(1) requires that a petition for appeal from a lower court judgment be filed in the Supreme Court of Virginia within three months after the date of the lower court's judgment.

2

Under these principles, Pilcher's allegations fail to state an actionable claim under § 1983. He does not allege any facts suggesting that either of the defendants deliberately delayed sending him notice of the court's July 6, 2006, order with any intention of depriving him of his right to pursue an appeal. At most, he alleges that the deputy clerk was negligent in carrying out her duty to send him a copy of the order within a few weeks and the clerk was negligent in failing to supervise his deputy's work.[3] These negligent actions are not enough to state a constitutional claim, even if the delay in sending him a copy of the order prevented Pilcher from filing a timely petition for appeal.

Moreover, Pilcher's own submissions demonstrate that after he received the copy of the July 6, 2006 order in mid-August, he waited until October 2006 to file his petition for appeal. As he had a total of three months under Rule 5:17(a)(1) to appeal the circuit court's order to the Supreme Court of Virginia, it is apparent that the delay in receiving the order did not, by itself, cause his petition for appeal to be dismissed as untimely.

Finally, to the extent that Pilcher might have some claim against one or both of the defendants based on their negligent actions, such a claim would arise under state law. Because the court has determined that Pilcher's constitutional claims must be dismissed, the court declines to exercise supplemental jurisdiction over any such state law claims, pursuant to 28 U.S.C. § 1367(c), and will dismiss them without prejudice.

---

[3] Pilcher alleges that it was Fenty's duty to send him a copy of the order, and he apparently names McGraw only because of this defendant's supervisory position over Fenty. An official cannot be held automatically liable for violations of plaintiff's rights through the actions of subordinate officials; the doctrine of respondeat superior is inapplicable to §1983 actions. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982).

3

## III

For the stated reasons, the court finds that Pilcher's complaint fails to state any constitutional claim and that all his claims under § 1983 must be dismissed accordingly, pursuant to §1915A(b)(1). The court declines to exercise supplemental jurisdiction over any possible state law claims, pursuant to § 1367(c), and such claims will be dismissed without prejudice. An appropriate order shall be entered this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 5th day of June, 2007.

*James C. Turk*
Senior United States District Judge